**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SHEYLI AIDE MAZARIEGOS-VELASQUEZ, AKA Sheyli Osorio-Barrios, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-73467 <br><br> Agency No. A206-676-506 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2020**

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Sheyli Aide Mazariegos-Velasquez (a.k.a. Sheyli Osorio-Barrios), a native

and citizen of Guatemala, petitions for review of the decision of the Board of

Immigration Appeals ("BIA") dismissing her appeal of the immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and ordering her removal. We deny the petition for review.

Substantial evidence supports the BIA's determination that Mazariegos-Velasquez failed to demonstrate past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (stating standard of review). Mazariegos-Velasquez received death threats and testified that, as a result, she suffers from Post-Traumatic Stress Disorder. She did not obtain treatment for that condition and did not testify to experiencing any other physical harm. Mazariegos-Velasquez suffered an economic detriment from the Mara's extortion, but "mere economic disadvantage alone does not rise to the level of persecution." *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004). We are, thus, not compelled to conclude that the threats rose to the level of persecution. *See Duran-Rodriguez*, 918 F.3d at 1028 (explaining that although "credible death threats alone can constitute persecution, they constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm" (internal quotations and citations omitted)); *cf. Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004), as amended (Nov. 2, 2004) (noting that threats may be evidence of

2

past persecution "when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism").

Because Mazariegos-Velasquez failed to demonstrate past persecution, she "must establish a well-founded fear of future persecution." *Duran-Rodriguez*, 918 F.3d at 1029. Substantial evidence supports the BIA's conclusion that Mazariegos-Velasquez failed to establish an "objectively reasonable" fear of future persecution as she did not testify to any ongoing threats and did not present evidence that anyone still seeks to harm her. Given that Mazariegos-Velasquez does not meet the more lenient standards of asylum, she similarly is ineligible for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Finally, substantial evidence supports the BIA's determination that Mazariegos-Velasquez did not demonstrate eligibility for protection under CAT. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (stating standard of review). Mazariegos-Velasquez has not demonstrated that she was tortured in the past nor that she would be tortured in the future either by a government actor or with the consent or acquiescence of the Guatemalan government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007) (stating requirements for CAT relief). While the documentary evidence in the record demonstrates past failures by the Guatemalan government to regulate the Mara and other groups, it does not compel

the conclusion that the government would consent or acquiesce to the torture of Mazariegos-Velasquez specifically. *Shrestha*, 590 F.3d at 1048-49.

**PETITION DENIED.**